FILED
2026 Oct-26 PM 05:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| CYNTHIA PERRY, *individually and on behalf of all others similarly situated,* | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-00521-CLM |
| ALATRADE FOODS, INC., | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND SUPPLEMENTAL NOTICE**

Plaintiff Cynthia Perry and Defendant Alatrade Foods, Inc. (together, the "Parties") jointly move the Court to approve the Amendment to the Class Action Settlement Agreement and Release (the "Amendment"), attached as **Exhibit 1**, and the proposed Supplemental Notice, attached to the Amendment as Exhibit A. In support, the Parties state:

1. On April 7, 2026, the Court preliminarily approved the Class Action Settlement Agreement and Release (ECF No. 18-6) (the "Settlement") and directed notice to the Settlement Class. (ECF No. 19.)

2. After the Court reset the Final Approval Hearing for October 2, 2026 (ECF No. 21), the Settlement Administrator, CPT Group, Inc. ("CPT"), mailed the Court-approved Notice Packet to all 242 Settlement Class Members on June 18,

2026. (ECF No. 24-1 ¶¶ 4, 6.) By the September 16, 2026 deadline, CPT had received 157 valid Claim Forms, representing a 65% claims rate, and no objections or requests for exclusion. (*Id.* ¶¶ 6, 9–11.)

3. On September 18, 2026, Plaintiff moved for an award of attorneys' fees, litigation costs, Settlement Administrator's expenses, and the general release payment (ECF No. 22), and for final approval of the Settlement (ECF No. 23).

4. The Court held the Final Approval Hearing on October 2, 2026. At that hearing, the Court addressed the timing of Class Counsel's fee motion under Federal Rule of Civil Procedure 23(h), the $1,500 general release payment to the Named Plaintiff, the Allocation Plan, and the treatment of unclaimed funds. The Court then set a telephone status conference for October 20, 2026, directed the Parties to be prepared to discuss *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), and the other discrete issues addressed at the hearing, and permitted the Parties to brief those issues on or before October 16, 2026. (ECF No. 25.)

5. The Parties submitted supplemental briefs on October 16, 2026. (ECF Nos. 27, 28.) In those submissions, the Parties explained that the general release payment would be paid only from funds remaining after payments to Class Members; Alatrade clarified that it seeks reimbursement only of the mediator's fees—anticipated not to exceed $5,000—and not of settlement administration expenses already paid from the Settlement Fund; and both Parties proposed revising

the Allocation Plan to distribute the Net Settlement Fund *pro rata* among claiming Class Members. (ECF No. 27 at 2, 5–6; ECF No. 28 at 4–7.)

6. On October 20, 2026, the Court held a telephone status conference, at which it instructed the Parties to confer and amend the Settlement to ensure the Net Settlement Fund is fully distributed to claiming Class Members, limit any return of funds to Alatrade, and provide a supplemental notice to the Class of the changes to the Settlement terms with an additional objection, opt-out, and claim period.

7. Consistent with the Court's instructions and the Parties' agreement, and pursuant to Paragraph 100 of the Settlement, the Parties executed the Amendment. The Amendment:

(a) by agreement of the Parties, strikes the service award and general release payment (Recital N and ¶¶ 15, 27, 65, 73–75, 79);

(b) revises the Allocation Plan so the Net Settlement Fund is divided *pro rata* among all claiming Class Members, based on each member's alleged damages under ¶ 47, and is exhausted if all checks are cashed (¶ 48);

(c) limits any return of money to Alatrade to amounts from uncashed settlement checks, used only to reimburse documented mediator's fees actually borne by Alatrade (anticipated not to exceed $5,000), with no duplicate reimbursement of settlement administration expenses already

paid from the Settlement Fund, and directs any remaining balance to a *cy pres* recipient acceptable to Class Counsel and approved by the Court (¶ 51); and

(d) requires Supplemental Notice within 7 days of approval and gives Class Members 21 additional days to object, opt out, or make a claim, while preserving all prior claims and opt-outs (¶¶ 35.a, 70.a).

8. Every change either increases or protects Class Members' recovery. Because the general release payment is eliminated and the Allocation Plan is revised to exhaust the Net Settlement Fund, the amount available to the 157 claiming Class Members increases from the $206,634.62 reported under the original Allocation Plan (ECF No. 24-1 ¶ 12) to the full Net Settlement Fund—approximately $312,038.93 if the Court awards the requested attorneys' fees ($166,666.67), litigation costs ($3,794.40), and Settlement Administrator's expenses ($17,500.00). (*See* ECF No. 22.) No term of the Settlement is altered to any Class Member's detriment.

9. Because Class Counsel's fee motion and supporting memorandum (ECF Nos. 22, 22-1) are already on file, the supplemental objection period will also give Class Members a full opportunity to object to the fee request itself, resolving the Rule 23(h) timing issue the Court raised. *See Johnson*, 975 F.3d at 1252. The Supplemental Notice will direct Class Members to the fee motion on the settlement website.

WHEREFORE, the Parties respectfully request that the Court enter an order:

(a) approving the Amendment;

(b) approving the form and content of the Supplemental Notice and directing the Settlement Administrator, CPT Group, Inc., to send it within 7 days of the Court's order;

(c) setting the supplemental objection, opt-out, and claim deadline 21 days after the Supplemental Notice is sent;

(d) setting the status conference for 40 days after the entry of the Court's order approving the amendment and the form and content of the Supplemental Notice; and

(e) granting such other relief as the Court deems proper.

A proposed order is attached as **Exhibit 2**, and a supplemental brief in support of this Motion is filed herewith.

Dated: October 26, 2026

Respectfully submitted,

*<u>/s/ F. Jerome Tapley</u>*

F. Jerome Tapley (ASB-0583-A56T)
Hunter Phares (ASB-5406-G38V)
**CORY WATSON, P.C.**
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
jtapley@corywatson.com
hphares@corywatson.com

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (TN BPR No. 23045)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com

Samuel J. Strauss
Raina C. Borrelli
**STRAUSS BORRELLI, PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (Pro Hac Vice)
Ian R. Bensberg (Pro Hac Vice)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

*Counsel for Plaintiff and the Settlement Class*

/s/ N. DeWayne Pope
N. DeWayne Pope (ASB-8261-P79N)
GORDON REES SCULLY MANSUKHANI, LLP
505 20th Street North, Suite 1650
Birmingham, AL 35203
Phone: (205) 460-8913
dpope@grsm.com

*Counsel for Defendant Alatrade Foods, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ F. Jerome Tapley*
F. Jerome Tapley